UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| NAPOLEON WHITE, ) | |
| ) | |
|    *Plaintiff,* ) | |
| v. ) | No. 1:10-CV-14 |
| ) | *Chief Judge Curtis L. Collier* |
| ATTORNEY HILLIARY STUART; ) | |
| ATTORNEY CHARLES DUPREE; AND ) | |
| ATTORNEY ALAN DUNN, ) | |
| ) | |
|    *Defendants*. ) | |

## MEMORANDUM

Napoleon White ("Plaintiff") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Plaintiff claims his attorneys, Attorney Hilliary Stuart ("Attorney Stuart"), Attorney Charles Dupree ("Attorney Dupree"), and Attorney Alan Dunn ("Attorney Dunn"), ineffectively represented him in his state criminal case in violation of his constitutional rights. Plaintiff seeks $100,000.00 in compensatory damages from each defendant "jointly and severally" and an undetermined amount of punitive damages from each defendant (Court File No. 2).

For the reasons explained below, no service shall issue and this complaint will be **DISMISSED** *sua sponte* (Court Doc. 2).

**I.**    **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff he is indigent and lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is an inmate or prisoner in custody at Morgan County Correctional Complex in Wartburg, Tennessee, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner

Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Ave., Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

> (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or
>
> (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Inmate Accounts at the Morgan County Correctional Complex in Wartburg, Tennessee, and the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available.

This Order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid. In addition, the plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order.

## II.     Standard of Review

### A.     *Pro Se* Pleadings

All well-pleaded factual allegations contained in a complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusion" will not do. *Id*. at 555. Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 84 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268

(W.D. Mich. 1997).

**B.     Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**IV.    Facts**

Plaintiff filed this complaint alleging all three defendants rendered advice and services that were not within the range of competence demanded of attorneys in criminal cases. According to Plaintiff, the alleged inadequate representative by all three attorneys resulted in his twenty-year sentence.

Plaintiff alleges Attorney Stuart, his first attorney, displayed a conflict of interest and misrepresentation when she refused to give him a copy of the discovery in his state criminal case. As a result of this alleged shortcoming, Plaintiff fired Attorney Stuart.

As to his second attorney, Attorney Dupree, Plaintiff alleges his numerous attempts to contact Attorney Dupree once he began representing Plaintiff were unsuccessful and it took counsel seventeen months to finally visit Plaintiff regarding his case. Attorney Dupree was relieved as Plaintiff's counsel.

Attorney Dunn was Plaintiff's final attorney, representing him until the conclusion of his state criminal case. Plaintiff complains that Attorney Dunn refused to provide him copies of the

discovery and refused to present character witnesses on his behalf.

Suing for a violation of his constitutional rights under 42 U.S.C. § 1983, Plaintiff seeks monetary damages of $100,000.00 in compensatory damages, "jointly and severally" from each defendant, and an undetermined amount in punitive damages against each defendant.

## V.     Analysis

### A.     42 U.S.C. § 1983 Claim

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish the defendant deprived him of a right secured by the Constitution of the United States while he acted under color of law. *See Brock*, 94 F.3d at 244.

### B.     Defense Attorney Does Not Act Under Color of Law

Plaintiff brings suit for alleged ineffective assistance of counsel against these defendant attorneys which the Court presumes were court appointed. Nevertheless, whether these attorneys were retained or appointed, Plaintiff has failed to raise a viable § 1983 claim. Apparently Plaintiff is of the impression an attorney representing a client in the defense of a criminal charge in state court is acting under color of law, within the meaning of 42 U.S.C. § 1983. Plaintiff cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held

5

an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981)(federal defender did not act under color of law); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (A private attorney does not act under color of state law despite the fact he has been appointed by the court); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action); *Deas v. Potts,* 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983."); *Harkins v. Eldredge,* 505 F.2d 802 (8th Cir. 1974); *Page v. Sharpe,* 487 F.2d 567 (1st Cir. 1973); *Stewart v. Meeker,* 459 F.2d 669 (3d Cir. 1972); *Szijarto v. Legeman,* 466 F.2d 864 (9th Cir. 1972); *French v. Corrigan,* 432 F.2d 1211 (7th Cir. 1970); *Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir. 1968); *Harris v. Ward,* 418 Supp. 660 (S.D.N.Y.1976).

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Whether these defendant attorneys were appointed by the court or retained private attorneys, the rule is likewise applicable to them. *See White v. Robertson-Deming,* 9 Fed.Appx. 418, 419 (6th Cir. May 16, 2001), *available in* 2001 WL 549211 (noting court-appointed defense counsel is not state actor for purpose of § 1983) *James v. Mann*, 234 F.3d 1268 (6th Cir. 2000), *available at* 2000 WL 1679505, *2 (citing *Catz v. Chalker*, 142 F.3d 279, 189 (6th Cir. 1998)(concluding retained attorney is not a person acting under color of state law and, thus is not subject to § 1983 suit)). Thus, none of these three defendants is suable in a § 1983 action because neither a court-

appointed nor a private attorney acts under color of law for purposes of § 1983. *Id*. As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding" *West v. Atkins*, 487 U.S. at 50, a criminal lawyer does not act under color of state law for purposes of § 1983 because, regardless of the fact he is appointed by the State, he is the State's adversary and not acting on the State's behalf. *Id.* The same holds true for a criminal lawyer retained to represent a defendant in a criminal proceeding. Thus, whether the defendants were court- appointed or retained, none of them was a state official acting under color of law; they did not act on the government's behalf, rather, they were the government's adversary.

In summary, the Court concludes Plaintiff has failed to set forth any claims or facts entitling him to relief under 42 U.S.C. § 1983. None of the Defendants acted under color of law, and, therefore, Plaintiff has failed to state a claim under 42 U.S.C. §1983.[1]

Accordingly, since the professional acts performed by Plaintiff's counsel cannot be considered acts done under color of law, his complaint lacks an arguable basis in law and will be

---

[1] The Court recognizes claims against an attorney for engaging in conspiracy with a state actor are cognizable in a § 1983 action, but Plaintiff has not alleged any of the defendants were involved in any action with the state or with a state actor. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (recognizing private attorneys who have conspired with state officials may be held liable under § 1983). Plaintiff's factually unsupported statement that he did not "know if the conspiracy was staged or why the conditions never changed with each following attorney in Judge Steelman's Division I Criminal Courts in Chattanooga, Tennessee[,]" is insufficient to state a conspiracy claim (Court File No. 2, at 5).

**DISMISSED** as frivolous, s*ee Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e)

A judgment order will enter **DISMISSING** Plaintiff's complaint in its entirety.

       /s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**